IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


**TODD CARLTON SMITH,**

        Petitioner,

                                                     CIVIL ACTION
   vs.                                            No. 10-3103-SAC


**UNITED STATES OF AMERICA,**

        Respondent.


**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus. Petitioner, a prisoner incarcerated in Kansas, proceeds pro se. Because he has submitted neither the $5.00 filing fee nor a motion for leave to proceed in forma pauperis, the court will direct petitioner to supplement the record.

Petitioner styles this matter as a petition contesting his extradition to Kansas.

**Background**[1]

Petitioner is incarcerated in the District of Kansas. He was convicted in Florida in 1991 for threatening a state

---

[1] The background is taken from the petitioner's filings in this action and the Court's judicial notice of other decisions containing information on petitioner's criminal history and placement in this jurisdiction.

attorney and received a 12-year sentence.  Plaintiff has been identified as a member of the Gay Lord Disciples, a group within the Folk Nation gang organization.

In 1994, plaintiff murdered Dennis Cobb, a 20-year-old inmate who had given a statement to authorities regarding plaintiff's fight with another inmate.  Plaintiff, a "gang enforcer", carried out the gang's decision to murder Cobb, and he was sentenced to 30 years for second degree murder.

Five years later, plaintiff was stabbed by two Folk Nation members in retaliation for the 1994 murder.  Plaintiff then commenced a federal civil rights action alleging a failure to protect him in violation of his rights under the Eighth Amendment.  The matter was settled, and plaintiff signed an Interstate Corrections Compact Waiver of Extradition.  He was transferred to the custody of the Kansas Department of Corrections in 2002.

In a 2008 civil action filed in the Southern District of Florida, plaintiff unsuccessfully sought to be returned to Florida and to void his 2002 waiver of extradition. *Smith v. United States*, 2010 WL 430768 (S.D. Fla. 2010).

In late 2008, the plaintiff was returned to the Southern District of Florida pursuant to a writ of habeas corpus ad prosequendum. *United States v. Smith*, Case No. 08-20536, (S.D.

2

Fla.) He was convicted in that action of federal charges of mailing threatening communications, threats against the President of the United States, and threats against the immediate family of the President of the United States. He was sentenced to 50 months imprisonment, with 40 months of that sentence to be served concurrently with his state sentence. *Smith v. U.S.*, 2009 WL 4125472 (S.D. Fla. 2009).

On December 18, 2008, the presiding judge denied petitioner's motion for extradition as moot, finding petitioner was scheduled to be returned to this district on the next available transport.

In the present action, petitioner asserts he was "extradited" from Kansas for federal prosecution, and he complains that he was not given an extradition hearing before his return from Florida and did not sign a waiver agreeing to his return to Kansas upon the completion of the federal proceedings.

**Discussion**

To obtain relief in an action filed pursuant to 28 U.S.C. § 2241, a petitioner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner claims that his transfer pursuant to the writ ad prosequendum interrupted his state custody and required due

3

process protections before he was returned to that custody in Kansas.

However, it appears settled that a transfer pursuant to a writ of habeas corpus ad prosequendum is no more than a temporary transfer to another jurisdiction under which the sending sovereign does not relinquish custody. *See, e.g.*, *Thomas v. Brewer,* 923 F.2d 1361, 1367 (9th Cir. 1991)("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.")(quoting *Crawford v. Jackson,* 589 F.2d 693, 695 (D.C.Cir. 1978)).

The "distinction between extradition and the writ of habeas corpus ad prosequendum is that the defendant could contest an attempt to extradite him from one nation or state to another but is without standing to attack his being taken from the custody of the [state} or his return thereto pursuant to the terms of the writ." *Derengowski v. U.S.*, 404 F.2d 778 (8th Cir. 1968), *cert. denied*, 394 U.S. 1024 (1969).

Here, the petitioner's transfer to Florida pursuant to the writ ad prosequendum did not entitle him to any particular process before he could be returned to the custody of Kansas authorities pursuant to the Interstate Corrections Compact. The

4

petitioner had no right to an extradition hearing or review before his return to this jurisdiction, and petitioner is not entitled to relief in this action.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner shall submit the $5.00 filing fee or a motion for leave to proceed in forma pauperis to the clerk of the court within thirty days.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 12th day of July, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge